STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 1440
LOS ANGELES, CALIFORNIA  90010
(213) 385-6926
fax (213) 385-3313
stevenjeyre@gmail.com

Attorney for plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

321 North Spring Street, Los Angeles, CA  90012

| | |
|---|---|
| AGUSTIN RAMIREZ,<br><br>                    Plaintiff,<br><br>        -vs.-<br><br>MARTIN NAVARRO, ANGEL JUAREZ,<br>ESTATE OF HUMBERTO NAVARRO,<br>DOES 1-10,<br><br>                    Defendants. | CV11-8012ℓ (DTBx)<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br>2. **DILUTION;**<br>3. **COMMERCIAL DISPARAGEMENT;**<br>4. **BREACH OF FIDUCIARY DUTY;**<br>5. **DISSOLUTION OF PARTNERSHIP;**<br>6. **FRAUD;**<br>7. **STATE LAW TRADE NAME INFRINGEMENT AND DILUTION;**<br>8. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;**<br>9. **CONVERSION;**<br>10. **TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges:

-1-

## JURISDICTION AND VENUE

1.      These claims arise under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, Cal. Bus. & Prof. Code § 17200 and California statutory and common law.  Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1138(a).  Jurisdiction is also proper pursuant to the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367.

2.      This Court has specific personal jurisdiction over all of the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3.      Venue is proper in the United States District Court for the Central District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that some defendants reside in this District, transact affairs in this District and that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.      Plaintiff Agustin Ramirez is a U.S. citizen and resident of California.

5.      Plaintiff alleges on information and belief that defendant Martin Navarro is a resident of San Bernardino County, State of California.

6.      Plaintiff alleges on information and belief that defendant Angel Juarez is a resident of Los Angeles County, California.

7.      Plaintiff alleges on information and belief that Estate of Humberto Navarro, who is deceased, is represented by Alicia Navarro, the decedent's widow.

8.      The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 10 are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will seek to amend this complaint to allege the true names and capacities of said defendants when he has ascertained such information.  Plaintiff is informed and believes that each defendant named

herein as Does 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiff by reason thereof.

9.      Plaintiff is informed and believe that defendants DOES 1-10 are musicians hired by the defendants Martin Navarro and Angel Juarez herein to perform the services which infringe upon and dilute plaintiff's mark, as alleged below.

## HISTORY OF LOS CAMINANTES

10.      In the late 1970's, plaintiff Agustin Ramirez founded the musical group "Los Caminantes Aztecas" ("The Aztec Walkers") in the city of Bloomington, California. The initial members of the group were plaintiff Ramirez and his brothers Brigido Ramirez, Horacio Ramirez and Martin Ramirez.

11.      From the inception of the group, plaintiff Agustin Ramirez is and has been the lead vocalist of the group, a role he has performed continuously since the founding of the group to the present day in connection with the "Los Caminantes" name.

12.      After the "Los Caminantes Aztecas" recorded a few songs, decedent Humberto Navarro joined the group briefly as a drummer for the group, only to be replaced by his brother Manuel Navarro.  A few years later, Humberto Navarro rejoined the group, and remained a member of the group from that time until his death in June 2011.

13.      After the musical group signed a recording contract with Luna Records (also known as Luna Music), in or about the year 1982, the "Aztecas" adjective was dropped, leaving the name "Los Caminantes," or "The Walkers."  By that time, the members of the "Los Caminantes" performing group were plaintiff Ramirez, his brothers Brigido, Horacio, and Martin, and the decedent Humberto Navarro.

14.      The members of the musical group "Los Caminantes" acted as partners, sharing in the management, profits and expenses of the group.

15.      Over the next 18 years, "Los Caminantes" recorded approximately 29 albums for Luna Records/Luna Music, with plaintiff Agustin Ramirez always as lead vocalist.  During the same period of time, the musical group "Los Caminantes" toured extensively throughout the United States and Mexico, performing in dances, concerts and

*Ramirez vs. Navarro*                                                                                              **COMPLAINT**

massive outdoor events. The group became wildly popular for its "grupero" musical style within the Regional Mexican musical genre. The group appeared on numerous television shows aimed at the Spanish-speaking audience of the United States, Mexico and the Americas.

16. In the years following the signing of the musical group to its first recording contract, which also signaled the national and international touring of the group, Martin Ramirez died in an auto accident and Brigido and Horacio Ramirez each withdrew from the group. By approximately 1995, the only remaining partners of the "Los Caminantes" musical group were plaintiff Agustin Ramirez and decedent Humberto Navarro. The two hired musicians to perform with the group, some of whom have been with the group for well over a decade. However, plaintiff Agustin Ramirez and decedent Humberto Navarro were the only individuals to share in the control, profits and expenses of the musical group.

17. In the year 2000, plaintiff Agustin Ramirez and decedent Humberto Navarro signed as "Los Caminantes" with the Fonovisa record label, which resulted in the production of five (5) albums, for which plaintiff Agustin Ramirez was the lead vocalist. In 2006, they signed again with the record label associated with the owners of Luna Music, resulting in the production of three (3) more albums, for which Agustin Ramirez, again, was the lead vocalist.

18. Luna Records/Luna Music registered the trademark LOS CAMINANTES with the United States Patent and Trademark Office ("USPTO"), in international classification no. 009 for a "series of phonograph records, pre-recorded audio cassette tapes and pre-recorded compact discs, all featuring music," Ser. No. 74/372907. A certificate of registration for the trademark was issued in the name of Luna Music Corporation on December 28, 1993, and later assigned to Luna Management LLC. The registration was cancelled in October 2004.

19. In 2005, the attorney for plaintiff Agustin Ramirez and decedent Humberto Navarro filed for registration of the trademark LOS CAMINANTES mark in international classification no. 009 in the name of "Los Caminantes Partnership, composed of Humberto

Navarro and Agustin Ramirez," for a "series of prerecorded phonograph records, audio cassettes, video cassettes, and compact discs featuring music played in Spanish," Ser. No. 78/657655.    A certificate of registration for the trademark was issued in the name of the partnership in 2006, Reg. No. 3,129,214.  USPTO printout, Exhibit **A**.

20.      There is no evidence of an application for registration of the name "Los Caminantes" as a service mark with the USPTO.

21.      Plaintiff is informed and believes that the partners of the "Los Caminantes" musical group never entered into a formal partnership agreement.

22.      Plaintiff never assigned his rights in the "Los Caminantes" name and goodwill associated with the mark to either the partnership with decedent Humberto Navarro or to any individual or entity.

23.      At different periods during the history of the group "Los Caminantes," defendant Angel Juarez acted as the manager of the group.  Defendant Angel Juarez was a former employee of Luna Records, the first record company with which the "Los Caminantes" group signed, and performed management, booking and entertainment services for the group on more than one occasion.

### PLAINTIFF IS ALERTED TO POSSIBLE SHENANIGANS REGARDING THE "LOS CAMINANTES" NAME

24.      Approximately a year or more prior to the filing of this lawsuit, plaintiff Agustin Ramirez was advised by defendant Angel Juarez that decedent Humberto Navarro had some blank documents with Agustin Ramirez's signature on them, and that decedent Humberto Navarro intended to use them to "take over" the name "Los Caminantes" from plaintiff.

25.      Plaintiff believes that he signed blank documents on two occasions, once at the request of the group's attorney in Tijuana, Mexico who was litigating a case against a "pirate" group that performed using the name "Los Caminantes."  Presumably, the attorney needed documents with original signatures in case they became necessary in that action.

*Ramirez vs. Navarro*                                                                                    **COMPLAINT**

The second time plaintiff believes he signed blank documents was at the request of Luna Records, the original recording company of "Los Caminantes."

26.     When plaintiff confronted decedent Humberto Navarro in front of several other individuals regarding the above allegations of defendant Angel Juarez, decedent Humberto Navarro admitted that he had obtained some blank documents with Agustin Ramirez's signature on them from the group's former record company, but claimed that he had torn the documents up and had thrown them away.

27.     Plaintiff later advised defendant Angel Juarez of decedent Humberto Navarro's response to the accusations regarding the intended use of signed blank documents.  Defendant Angel Juarez advised plaintiff that decedent Humberto Navarro's denials were untrue, and that plaintiff should be careful because decedent Humberto Navarro intended to use the blank documents to take the "Los Caminantes" name from plaintiff.

28.     Plaintiff is informed and believes that a blank document with his signature was indeed used to manufacture a fraudulent document purporting to transfer plaintiff's rights in the business and mark of "Los Caminantes" to decedent Humberto Navarro. Indeed, in a letter dated September 14, 2011 directed to Agustin Ramirez, Alejandro Menchaca, the purported attorney for the Estate of Humberto Navarro, alleges the existence of just such a document, as follows:

> "[Y]ou ceded and assigned any and all rights you had in the
> 'Los Caminantes' mark to Humberto Navarro by virtue of a
> written 'Assignment of Rights' dated January 16, 2007."

Letter of Alejandro Menchaca, **Exhibit B**.  In the unfiled federal complaint that accompanies Mr. Menchaca's letter, the following is alleged:

> " . . . Martin Navarro now holds all rights to the 'Los
> Caminantes' mark . . . ."

Unfiled Complaint, **Exhibit C**, p. 7, ¶ 27.

*Ramirez vs. Navarro*                                                                                    **COMPLAINT**

29.     If such a document indeed exists, and it is dated January 16, 2007, as alleged in Mr. Menchaca's letter, it nevertheless is a fact that <u>no</u> purported assignment of the trademark registration "Los Caminantes" in international classification 009 (for records) was ever recorded with the USPTO, as evidenced by a print-out of the assignment history for LOS CAMINANTES, Ser. No. 78/657655, which states:  "No assignment has been recorded at the USPTO."  Print-out of LOS CAMINANTES assignment history, **Exhibit D.**

## "LOS CAMINANTES" AFTER HUMBERTO NAVARRO

30.     As decedent Humberto Navarro became ill at the beginning of June 2011, his son, defendant Martin Navarro, took his place as the drummer for the live performances of "Los Caminantes."  Over the ensuing weeks, defendant Martin Navarro continued to perform with "Los Caminantes."

31.     As the remaining partner and member of the Los Caminantes Partnership, plaintiff Agustin Ramirez paid the partnership share of profits that would have been paid to decedent Humberto Navarro to his son Martin.

32.     Soon after decedent Humberto Navarro's death, plaintiff Agustin Ramirez learned that defendant Angel Juarez had summoned some of the musicians that perform with "Los Caminantes" to his office, where Juarez and defendant Martin Navarro offered money to leave plaintiff Agustin Ramirez and form a "Los Caminantes" musical group with defendant Juarez and Navarro.

## THE INFRINGING ACTS BEGIN—WEEKEND OF SEPTEMBER 17, 2011

33.     Defendants Angel Juarez and Martin Navarro, apparently basing their actions on a fraudulently concocted transfer of plaintiff's rights in the "Los Caminantes" business and name, formed a group of musicians using the name "Los Caminantes."  The two performances of which plaintiff Agustin Ramirez has been informed include one at Leonardo's Nightclub of Hunting Park, California, owned by defendant Leonardo's

Nightclub, a California corporation, scheduled for September 17, 2011.  Poster for September 17, 2011 dance, **Exhibit E.**

34.     The second event was scheduled at Harrah's Rincon casino in Valley Center, California.  The webpage for Harrah's uses a picture of plaintiff Agustin Ramirez in its ad for "Super Big Dance" at the casino on Friday, September 23, 2011.  Harrah's Rincon webpage, **Exhibit F.**

35.     In addition to the infringing activities described above, and others which plaintiff Agustin Ramirez has yet to discover, plaintiff is informed and believes that defendant Martin Navarro has threatened the musicians that perform with plaintiff's group that Martin Navarro will send the police to plaintiff's performances, presumably to arrest the musicians for violating defendant Martin Navarro's purported rights in the "Los Caminantes" name.

## AGUSTIN RAMIREZ IS ENTITLED TO OWNERSHIP
## AND CONTROL OF THE "LOS CAMINANTES"
## MARK

36.     Plaintiff Agustin Ramirez is entitled to ownership and control of the "Los Caminantes" mark under at least three different legal theories.

37.     First, plaintiff Agustin Ramirez is arguably the owner of the "Los Caminantes" mark, as the sole remaining member of the group that first used the "Los Caminantes Aztecas" ("The Aztec Walkers") service mark, later shortened to "Los Caminantes" ("The Walkers").  Humberto Navarro did not join the group until later in its history, and there is no evidence, other than the fraudulent document alluded to above, that plaintiff Ramirez transferred his interest in the "Los Caminantes" mark to either the Los Caminantes Partnership or to the decedent Humberto Navarro .   It is axiomatic that the senior user of a mark is the owner of the mark, *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir.1996), and that title to a trademark is independent of its registration.  *E.F. Prichard Co. v. Consumers Brewing Co.*, 136 F.2d 512, 518 (6th Cir.1943) (citation omitted).  "One who is the owner of a trademark does not, by entering a

partnership and permitting the use of the trademark by the partnership, transfer his interest in the mark to the [partnership]."  *Id.,* 136 F.2d at 521.  Property may be acquired by a partnership through transfer of title following purchase of property with partnership assets. Calif. Corp. Code § 16204.  There is no evidence plaintiff Agustin Ramirez at any time transferred his interest in the "Los Caminantes" *service mark* to Humberto Navarro or the Los Caminantes partnership, or that any consideration was paid to plaintiff for such a transfer.  Upon dissolution of the partnership with the decedent Humberto Navarro, Ramirez retains his ownership in the LOS CAMINANTES service mark as it relates to his services as a performing and recording artist and vocalist, and is entitled to continue with the business.

38.      Second, if it is determined that plaintiff Agustin Ramirez and decedent Humberto Navarro, as partners in the Los Caminantes Partnership that registered the LOS CAMINANTES *trademark* with the USPTO, owned the trade name and service mark "Los Caminantes," then plaintiff Agustin Ramirez is entitled to continue on with the business under the Los Caminantes name.  Not only is Agustin Ramirez the sole remaining partner, and thus entitled to continue conducting the business of "Los Caminantes" under the "Los Caminantes" mark, his name, voice and image are associated with the "Los Caminantes" mark.  A trademark and its good will cannot be split up without destroying the mark. Therefore, the rights in the business, trademark and service mark of "Los Caminantes" continue with Agustin Ramirez as the sole remaining member and lead singer.  The Estate of the decedent Humberto Navarro is entitled to compensation for its interest in the partnership business as part of the buyout of the business by plaintiff pursuant to the provisions of the Uniform Partnership Act of 1994, Cal. Corp. Code §§ 16100 et seq., but the estate is not entitled to take the "Los Caminantes" name and transfer or license it to third parties, as defendants apparently have attempted to do.

39.      Third, plaintiff Agustin Ramirez is entitled under principles of equity to the business and associated trademark and service mark of "Los Caminantes" by virtue of the fraudulent conduct of decedent Humberto Navarro in creating a forged transfer of the "Los

Caminantes" name, and the conduct of defendants Estate of Humberto Navarro, Martin Navarro and Angel Juarez in utilizing the transfer that defendant Juarez knows to be fraudulent in an attempt to usurp plaintiff Ramirez's rights.  Decedent's estate is entitled to compensation for the buyout of decedent's interest in the partnership, less monetary damages and expenses incurred by plaintiff Agustin Ramirez as a result of decedent's wrongful conduct, but the Estate is not entitled to take over the partners or usurps the business and name of the "Los Caminantes" from plaintiff Agustin Ramirez.

40.     Defendants should be enjoined from any use of the "Los Caminantes" name, or any name colorably similar to the "Los Caminantes" name, and this court should determine the fair compensation to be paid to the Estate of Humberto Navarro for the decedent's interest in the partnership business, less any amounts plaintiff Agustin Ramirez is compelled to expend in the defense of plaintiff's rights in the name and business of "Los Caminantes" due to the fraudulent conduct of the defendants.

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION)

41.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

42.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

43.     Under applicable law, including without limitation the three legal theories described above, plaintiff is the owner of the mark "Los Caminantes," or is entitled to sole use and ownership of the business, goodwill, trademark and service mark of "Los Caminantes."

44.     None of the defendants named herein have any claim or colorable right to utilize the name "Los Caminantes" either in connection with the live performances or sound recordings of plaintiff's musical group "Los Caminantes."

-10-

45.      Defendants are using plaintiff's "Los Caminantes" mark so as to cause confusion as to plaintiff's association with, affiliation with, or sponsorship of the performance of defendants' musical group.  Defendants' actions have led to instances of actual confusion by promoters and consumers, including the use of the "Los Caminantes" name in advertising and the use of the image of plaintiff Agustin Ramirez in such advertising.

46.      Defendants' actions constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.      The actions of defendants, as alleged herein, have cause substantial damage to plaintiff's reputation and mark.

48.      The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

49.      For each act of unfair competition, plaintiff is entitled to recover actual damages as well as defendants' profits from such infringement.

50.      Plaintiff is entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

51.      Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

52.      Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiff if defendants' actions are not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.

## SECOND CLAIM FOR RELIEF
## (DILUTION)

53.      Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

54.     This claim for relief arises under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and is alleged against all defendants.

55.     Under applicable law, including without limitation the three legal theories described above, plaintiff is the owner of the mark "Los Caminantes," or is entitled to sole use and ownership of the business, goodwill, trademark and service mark of "Los Caminantes."

56.     The trade name and mark "Los Caminantes" has become famous throughout the United States, through use in the advertising of the musical group's services, through airplay, record sales, appearances of the musical group on broadcast television in Mexico and the United States, newspaper and magazine articles concerning the group, and through public appearances at dances and events.

57.     Defendants' unauthorized use of plaintiff's trade name and mark does and will dilute the distinctive quality of the trade name and mark and will diminish and destroy the public association of the trade name and mark with plaintiff and plaintiff's group "Los Caminantes."

58.     In engaging in the actions complained of above, defendants and each of them willfully intended and intend to trade on the reputation of plaintiff's musical group.

59.     In engaging in the actions complained of above, defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to plaintiff.

60.     For each act of unfair competition, plaintiff is entitled to recover actual damages as well as defendants' profits from such infringement.

61.     Plaintiff is entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

62.     Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken willfully and intentionally by defendants.

63.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiff if

*Ramirez vs. Navarro*                                                            **COMPLAINT**

defendants' acts are not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.

## THIRD CLAIM FOR RELIEF
## (COMMERCIAL DISPARAGEMENT)

64.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

65.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(B) and is alleged against all defendants.

66.     Under applicable law, including without limitation the three legal theories described above, plaintiff is the owner of the mark "Los Caminantes," or is entitled to sole use and ownership of the business, goodwill, trademark and service mark of "Los Caminantes."

67.     Defendants and their cohorts, in connection with others, have misrepresented the nature, characteristics and qualities of defendants' musical group in a manner that has caused, and is likely to continue to cause, damage to plaintiff.

68.     In engaging in the actions complained of above, defendants and each of them willfully intended and continue to intend to trade on the reputation of plaintiff and plaintiff's musical group "Los Caminantes."

69.     In engaging in the actions complained of above, defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to plaintiff.

70.     For each act of unfair competition, plaintiff is entitled to recover actual damages as well as defendants' profits from such infringement.

71.     Plaintiff is entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

72.     Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken willfully and intentionally by defendants.

73.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiff if not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing unfair competition.

## FOURTH CLAIM FOR RELIEF
## (BREACH OF FIDUCIARY DUTY)

74.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

75.     This claim for relief arises under the laws of the State of California and is alleged all defendants.

76.     As alleged above, decedent Humberto Navarro, according to his own attorney, created a document purporting to transfer the "Los Caminantes" mark and/or plaintiff Agustin Ramirez's interest in the business, goodwill and mark "Los Caminantes" to himself, with an effective date of such transfer, per decedent's attorney, of January 16, 2007.

77.     The actions of decedent Humberto Navarro constituted a breach of fiduciary duty as well as fraudulent conduct meant to usurp plaintiff Agustin Ramirez's interest in "Los Caminantes" and cause third parties to cease working with Agustin Ramirez.

78.     The misconduct of decedent Humberto Navarro is and was ratified and propagated by defendants Estate of Humberto Navarro, Martin Navarro and Angel Juarez.

79.     Defendants Martin Navarro and Angel Juarez knew of the fraudulent nature of decedent Humberto Navarro's actions, and have ratified and sought to take advantage of the fraudulent conduct by advising plaintiff and third parties that plaintiff no longer has any interest in the "Los Caminantes" name or the business of the musical group Los Caminantes.  Defendants Martin Navarro and Angel Juarez have gone so far as to form a new group and book the group's performances under the "Los Caminantes" name to the exclusion of plaintiff Agustin Ramirez.

-14-

80.     Plaintiff Agustin Ramirez is entitled to enforce his rights under the Uniform Partnership Act of 1994, including compelling the transfer by the Estate of Navarro of any interest the Estate has in the name "Los Caminantes," the registration of the "Los Caminantes" mark before the United States Patent and Trademark Office, as well as the goodwill and business of the musical group Los Caminantes.  To provide otherwise would reward the fraudulent and disloyal conduct of decedent Humberto Navarro in creating a fraudulent purported transfer of the "Los Caminantes" name by plaintiff Agustin Ramirez.

81.     Plaintiff is also entitled to such other equitable relief as will make him whole for the fraudulent conduct of decedent Humberto Navarro, as ratified and propagated by defendants Martin Navarro and Angel Juarez.

82.     Plaintiff is entitled to monetary damages against defendants Estate of Humberto Navarro, Martin Navarro and Angel Juarez.

83.     The aforementioned acts of defendants were and are willful, oppressive and malicious.  Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## FIFTH CLAIM FOR RELIEF

## (DISSOLUTION OF PARTNERSHIP)

84.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

85.     This claim for relief arises under the laws of the State of California and is alleged against all defendants.

86.     Although a partnership may be dissolved by operation of law upon the death of a partner, plaintiff Agustin Ramirez is informed and believes that decedent Humberto Navarro sought to destroy the partnership, if any indeed existed, by creating a fraudulent transfer of plaintiff Agustin Ramirez's interest in the "Los Caminantes" mark and trade name with an effective date of January 16, 2007.

87.     Plaintiff is entitled to operate the business of the Los Caminantes Partnership, including the transfer of the mark and associated goodwill and business of Los

-15-

Caminantes to plaintiff, and to compensate the Estate of Navarro for any amounts to which this Court determines the Estate is entitled for the buyout of the Estate's interest, less any monetary damages, expenses and attorney's fees plaintiff Ramirez has had to incur to remedy the fraudulent and disloyal conduct of decedent Humberto Navarro, as ratified and furthered by defendants Martin Navarro and Angel Juarez.

88.     Plaintiff is further entitled to continue with the business of "Los Caminantes" as sole owner of the "Los Caminantes" mark.

89.     Plaintiff is further entitled to an accounting from the Estate of Humberto Navarro for any amounts decedent Humberto Navarro wrongfully obtained from plaintiff Agustin Ramirez and/or the Los Caminantes Partnership by virtue of the fraudulently created document by which decedent Humberto Navarro purported to transfer the interest of Agustin Ramirez in "Los Caminantes" as of January 16, 2007.

90.     Plaintiff is entitled to a court order granting plaintiff the right to exercise the above rights as the sole remaining partner of the Los Caminantes Partnership.

## SIXTH CLAIM FOR RELIEF

## (FRAUD)

91.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

92.     This claim for relief arises under the laws of the State of California and is alleged against all defendants.

93.     Decedent Humberto Navarro created the fraudulent document alluded to above in order to usurp plaintiff Agustin Ramirez's interest in the "Los Caminantes" mark and in the business of the musical group Los Caminantes.

94.     Decedent Humberto Navarro placed the date January 16, 2007 on the fraudulent document, demonstrating an intention to usurp plaintiff Agustin Ramirez's interests as of that date.

*Ramirez vs. Navarro*                                                                                    **COMPLAINT**

95.     Decedent Humberto Navarro represented to plaintiff Agustin Ramirez that the two were partners in the musical group Los Caminantes, and that they shared partnership income, expenses and assets equally.

96.     Decedent Humberto Navarro's representations were false.  In fact, decedent Humberto Navarro engaged in conduct out of sight of plaintiff Ramirez by which he conducted himself as though the Los Caminantes name, business and musical group was his sole possession, and plaintiff is informed and believes that decedent Humberto Navarro absconded with earnings, property and other assets that rightfully belonged to the Los Caminantes Partnership.

97.     Plaintiff Agustin Ramirez was unaware that Humberto Navarro was in possession of a fraudulently created transfer document, although he had been alerted to the possibility that decedent Humberto Navarro intended to create such a document.

98.     In reliance upon decedent Humberto Navarro's representations and conduct to the effect that he was in a partnership with plaintiff Agustin Ramirez, and that decedent Humberto Navarro honored the partnership existence by accounting and sharing in the earnings, property and other assets of the partnership, plaintiff Agustin Ramirez continued to conduct himself as a partner in the partnership.

99.     Plaintiff did not discover the true facts concerning decedent Humberto Navarro's conduct until September 14, 2011, when plaintiff Agustin Ramirez learned for the first time that the fraudulent document had been created, when he was advised in a letter from the attorney for defendant Estate of Navarro of the existence of a purported transfer of the "Los Caminantes" mark, purportedly signed by plaintiff Agustin Ramirez.

100.    Defendants Estate of Humberto Navarro, Martin Navarro and Angel Juarez have propagated decedent Humberto Navarro's fraudulent conduct by claiming that plaintiff Agustin Ramirez transferred his rights in the "Los Caminantes" name and business in 2007, even though defendants know that the document upon which they base their claims is fraudulent.

101.     As a result of the fraudulent conduct of decedent Humberto Navarro, as ratified and propagated by defendants Martin Navarro and Angel Juarez, plaintiff Agustin Ramirez has suffered monetary damages in an amount to be pled by amendment to this complaint.

102.     The aforementioned acts of defendants were and are willful, oppressive and malicious.  Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## SEVENTH CLAIM FOR RELIEF
## (STATE LAW TRADE NAME INFRINGEMENT)

103.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

104.     This claim for relief arises under the laws of the State of California and is alleged against all defendants.

105.     Under applicable law, including without limitation the three legal theories described above, plaintiff is the owner of the mark "Los Caminantes," or is entitled to sole use and ownership of the business, goodwill, trademark and service mark of "Los Caminantes."

106.     By their acts alleged herein, defendants have engaged in trade name infringement and dilution, California Bus. & Prof. Code §§ 14330 et seq., and §§ 14402 et seq.

107.     Defendants have intentionally deceived the public by misrepresenting that their services are connected with plaintiff and plaintiff's musical group "Los Caminantes."

108.     Plaintiff is informed and believes that the acts of defendants described herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

109.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiff if

*Ramirez vs. Navarro*                                                                                           **COMPLAINT**

defendants' conduct is not enjoined. Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.

## EIGHTH CLAIM FOR RELIEF

## (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)

110.    Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

111.    This claim for relief arises under the common law of the State of California and is alleged against all defendants.

112.    Defendants and each of them, through their actions, have interfered with the prospective business advantage of plaintiff by interfering with the right of plaintiff to exploit and benefit commercially from the trade name and mark of plaintiff and plaintiff's musical group and the goodwill of the business of plaintiff's musical group.

113.    Plaintiff has been damaged by the tortious interference by defendants and each of them with plaintiff's economic relations in an amount to be alleged by amendment to this complaint.

114.    The aforementioned acts of defendants were and are willful, oppressive and malicious. Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## NINTH CLAIM FOR RELIEF

## (CONVERSION)

115.    Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

116.    This claim for relief arises under the common law of the State of California and is alleged against all defendants.

117.    Plaintiff is informed and believes that defendants have taken assets belonging to the Los Caminantes Partnership, including equipment useful in the live performances of the musical group "Los Caminantes," and have converted them to

defendants' use in connection with the activities of the pirate "Los Caminantes" group defendants have formulated.

118.     Plaintiff is entitled to possession and control of the assets and equipment of the Los Caminantes Partnership described above for purposes of conducting the business of "Los Caminantes" and concluding the buyout of the interest of decedent Humberto Navarro.

119.     Defendants and each of them have disposed of the property in a manner that is inconsistent with plaintiff's property rights.

120.     As a result of the wrongful conduct of defendants, plaintiff has been damaged in an amount to be alleged by amendment.

121.     The aforementioned acts of defendants were and are willful, oppressive and malicious.  Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## TENTH CLAIM FOR RELIEF
## (TEMPORARY, PRELIMINARY AND PERMANENT
## INJUNCTIVE RELIEF)

122.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

123.     The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiff in the use of the name and mark "Los Caminantes."  If this court does not issue a temporary, preliminary and permanent injunction against defendants and each of them prohibiting the use of the name "Los Caminantes" and other confusingly similar terms, in connection with the goods and services of defendants' musical group, plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows:

1.   For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2.   For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a) Using the name "Los Caminantes" or any confusingly similar or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of defendants or any of them;

(b) Using the name "Los Caminantes" or any confusingly similar or colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods or services of defendants;

(c) Otherwise infringing or diluting the distinctive quality of plaintiff's service mark and trade name "Los Caminantes";

(d) Causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of plaintiff's or defendants' services;

(e) Contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants as "Los Caminantes" or any confusingly similar or colorable imitation of the name.

3.   For an order requiring defendants to deliver up and destroy all promotional literature, advertising, goods and other material bearing the infringing, diluting or injurious designations.

4.   For actual damages in an amount not less than $100,000.

5.   For three times the amount of plaintiff's actual damages suffered by reason of defendants' infringement of plaintiff's mark and trade name.

6.   For three times the amount of defendants' profits derived from infringement of plaintiff's mark and trade name.

7.  For punitive damages in an amount to be proved at trial.

8.  For an accounting of all monies received by defendants from their activities in connection with the use of the name "Los Caminantes."

9.  Los Caminantes Partnership:  For dissolution of the Los Caminantes Partnership, to the extent such dissolution has not occurred by operation of law;

10. For the appointment of plaintiff Agustin Ramirez as the remaining partners responsible for distributing the assets of the partnership between himself and the Estate of Humberto Navarro;

11. For an order determining the amount the Estate of Humberto Navarro is entitled for its interests in the asset of the partnership;

12. For an order transferring the goodwill, business and marks of "Los Caminantes" to Agustin Ramirez to the extent they are not declared to be the separate asset of Agustin Ramirez independent of the Los Caminantes Partnership;

13. For an order transferring the registration of the LOS CAMINANTES trademark in the name of plaintiff Agustin Ramirez.

14. For prejudgment interest.

15. For costs of suit.

16. For reasonable attorneys fees.

17. For such other relief as the court may deem appropriate.

Dated:  September 27, 2011

_____
Steven J. Eyre
Attorney for plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial of this action by a jury.

Dated:  September 27, 2011

_____
Steven J. Eyre
Attorney for plaintiff

*Ramirez vs. Navarro*                                                           **COMPLAINT**

*Ramirez vs. Navarro*
Complaint

# Exhibit A



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Sep 27 04:35:46 EDT 2011*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [          ]   OR   Jump   to record: [          ]   **Record 1 out of 4**

TARR Status   ASSIGN Status   TDR   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| **Word Mark** | LOS **CAMINANTES** |
| **Translations** | The foreign wording in the mark translates into English as The Walkers. |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Series of prerecorded phonograph records, audio cassettes, video cassettes, and compact discs featuring music played in Spanish. FIRST USE: 19750214. FIRST USE IN COMMERCE: 19750214 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 78657655 |
| **Filing Date** | June 24, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 23, 2006 |
| **Registration Number** | 3129214 |
| **Registration Date** | August 15, 2006 |

| | |
|---|---|
| **Owner** | (REGISTRANT) Los **Caminantes** Partnership composed of Humberto Navarro and Agustin Ramirez, both citizens of Mexico PARTNERSHIP CALIFORNIA 412 S. Caldwell Avenue Ontario CALIFORNIA 91761 |
| **Attorney of Record** | Gilbert Rodriguez |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST

NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

*Ramirez vs. Navarro*
Complaint

# Exhibit B

# THE MENCHACA LAW FIRM
### a Professional Corporation
**714 West Olympic Boulevard, Suite 450**
**Los Angeles, California 90015**
**Telephone: (213) 792 0877**
**Fax:  (213) 745 6060**

September 14, 2011

***Via Email***
Agustin Ramirez (c/o Eugenio Hernandez)

Re:     **"LOS CAMINANTES" TRADEMARK- CEASE AND DESIST LETTER**

Dear Mr. Ramirez:

I represent the Estate of the late Humberto Navarro. Please accept this correspondence as formal notice:

1. That the Estate of Humberto Navarro is the sole and exclusive owner of the mark "Los Caminantes".

2. That you ceded and assigned any and all rights you had in the "Los Caminantes" mark to Humberto Navarro by virtue of a written "Assignment of Rights" dated January 16, 2007.

3. That the Estate of Humberto Navarro did not enter into an agreement nor has authorized the appearance and performance of the "Los Caminantes" mark with you for any dates.

4.     That any advertisement, marketing and promotional materials which utilizes the name of "Los Caminantes"  that are announcing the appearance and performance of the "Los Caminantes" is an infringement upon the rights of the Estate of Humberto Navarro.

5.     That in an action for infringement, which our client is currently intending to bring against you along with any other individual or entity involved in the use, advertising, marketing and promotion of the name "La Caminante", you will be liable for statutory damages of up to $100,000.00 per use, in addition to attorney fees' and costs.

6.     It is the Estate's position that your action by utilizing the name "Los Caminantes" is causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of "Los Caminantes".

Furthermore, pursuant to federal law, the use of the name "Los Caminantes" is directly infringing upon the Estate's trademark, service mark and name, including without limitation as follows:

(a)    Using the name "Los Caminantes" or any confusing similar or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of "Los Caminantes";

(b)    Using the name "Los Caminantes"or any confusing similar colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods or services of "Los Caminantes";

(c)    Otherwise infringing or diluting the distinctive quality of the Navarro Estate's service mark and trade name "Los Caminantes".

(d)    Causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of Apodaca's services.

(e)    On behalf of our client, we hereby demand that **you cease and desist** from advertising, marketing, promoting, or using the name "Los Caminantes" and that you immediately confirm to us in writing that you will not advertise, market, promote, use the name "Los Caminantes", in connection with any events scheduled.

Should you fail to immediately comply with the foregoing demand, our client shall be compelled to take such actions against you as may be necessary to protect its rights and interests, in which event you and all others acting in concert with you shall be held individually and jointly liable for compensatory and punitive damages, profits, equitable relief, including without limitation an injunction, attorneys' fees and court cost.**(Copy of a draft of the Complaint is attached)**

The foregoing is not intended to be a complete statement of the facts or of the law relevant to this matter, nor of our client's legal and equitable rights and remedies, and nothing herein above stated or omitted shall be deemed a waiver or limitation of any right, remedy or cause of action of any kind whatsoever, all of which are hereby expressly reserved to our client.

Respectfully,

Alejandro Menchaca

cc:    Mario Sotelo
        Ricardo Tarazon
        Martin Navarro
        Salvador Espinoza
        David Sanchez
        Gerardo Rosas
        Victor Navarro

*Ramirez vs. Navarro*
Complaint

# Exhibit C

1   Alejandro Menchaca (State Bar No. 220471)
    THE MENCHACA LAW FIRM
2   714 West Olympic Blvd., Suite 450
    Los Angeles, CA 90015
3   Telephone: (213) 792-0877
    Facsimile: (213) 745-6060
4   Email:     amenchaca@ymail.com

5   Attorneys for Plaintiff

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10

11  ESTATE OF HUMBERTO A.          CASE NO. _____
    NAVARRO
12                                 COMPLAINT FOR:
              Plaintiff,
13                                 1) FEDERAL TRADEMARK
         v.                        INFRINGEMENT;
14                                 2) FEDERAL TRADEMARK
    AGUSTIN RAMIREZ, an individual; COUNTERFEITING;
15  LOS CAMINANTES PARTNERSHIP,    3) FALSE DESIGNATION OF
    a partnership                  ORIGIN;
16                                 4) TRADEMARK DILUTION;
              Defendant            5) STATE LAW
17                                 INFRINGEMENT;
                                   6) INTERFERENCE WITH
18                                 PROSPECTIVE BUSINESS
                                   ADVANTAGE;
19                                 7) ACCOUNTING;
                                   8) INJUNCTIVE RELIEF;
20                                 9) DISSOLUTION OF
                                   PARTNERSHIP
21
                                   DEMAND FOR JURY TRIAL
22

23

24

25  Plaintiff Estate of Humberto Ambriz Navarro alleges:

26              **JURISDICTION AND VENUE**

27
         1.    This Court has exclusive subject matter jurisdiction as to the violations
28

LAI-3084570v3                          1

of the Lanham Act pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)-(c) and § 1338(a). This Court also has pendant jurisdiction over the state causes of action relating to unfair competition and to trademark, service mark, trade name and trade dress infringement, pursuant to 28 U.S.C. § 1338(b).

2.      The Court has specific personal jurisdiction over all the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortuous acts outside California, knowing and intending that such acts would case injury within the state.

3.      Venue in this action is proper in the United States District Court for the Central District of California by virtue of 28 U.S.C. §§ 1391(b) and 1391(c) in that some defendants reside in this District, transact affairs in this District and that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.      Plaintiff is the Estate of Humberto Ambriz Navarro ("Navarro"), the co-founder of the popular Spanish musical group, "Los Caminantes". Navarro died on June 5, 2011 in San Bernardino County, California.

5.      Plaintiff is informed and believes, and based thereon alleges that Los Caminantes is, and at all times relevant hereto was a partnership, conducting business within the Central District of California with its principal place of business within the County of San Bernardino, State of California. The partnership is

2

comprised of the late Humberto Navarro and Defendant Agustin Ramirez.

6.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Agustin Ramirez resides within the Central District of California. Specifically, Defendant resides in the County of San Bernardino, State of California. Navarro is the sole person in complete control of the partnership.

7.    The true names and capacities, whether individual, corporate, associates, employee, or otherwise, of the defendants sued herein as Does 1 through 25, inclusive, currently are unknown to Plaintiff and Plaintiff therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and based upon such information and belief alleges that each of the defendants designated herein as a Doe is responsible legally in some manner for the acts, conduct, omissions and events referred to herein, causing injury and damages proximately thereby to Plaintiff, as alleged hereinafter.  Plaintiff will seek leave to amend this Complaint to allege the true names, capacities and circumstances establishing the liability of the defendants designated herein as Does 1 through 25, inclusive, at such time as Plaintiff ascertains the same.

8.    Plaintiff is informed and believes and based upon such information and belief alleges that, at all times herein relevant, each of the defendants was the agent, servant, employee, supervisor, co-venturer, subsidiary and/or corporate-parent of each of the remaining defendants and, at all times herein relevant, each defendant was acting within the course, scope, purpose, consent, knowledge,

3

1  ratification, and authorization of such agency, employment, joint venture,

2  subsidiary and/or corporate-parent relationship.

3

4  9.  Whenever, in this Complaint reference is made to "Defendant," such

5  allegations shall refer to all defendants named herein, including all defendants

6  designated herein as Does, and shall be deemed to mean the conduct of any and all

7  such defendants acting individually, jointly and/or severally.

8

9  ## GENERAL ALLEGATIONS

10  10.  Los Caminantes is a popular, Spanish-language musical group that

11  was formed in 1975 by Humberto Navarro, Agustin Ramirez, and three former

12  band mates, two of which are now deceased.

13

14  11.  Since its inception, Navarro, at great expense and effort, developed the

15  musical group known as "Los Caminantes" which began recording sound master

16  recordings, along with promoting and marketing musical performances for the

17  musical group. The musical group came to be one of the most successful Spanish-

18  language acts of its time, and continues to be so.

19

20  12.  After three of original band members were no longer part of the group,

21  the two remaining founders, Humberto Navarro and Agustin Ramirez, formed the

22  Los Caminantes Partnership on or about 1998 to operate the musical group, account

23  for the group's revenues, and distribute all profits and losses to the partners. By

24  virtue of such partnership agreement, all partners agreed to share equally in the

25  profits and losses of the Los Caminantes Partnership.

26

27

28

4

13. Plaintiff also alleges claims for federal trademark infringement and unfair competition in connection with Defendant Ramirez's unauthorized and unlawful use and misappropriation of a duly registered federal trademark and service mark "Los Caminantes" in association with the musical group.

14. Navarro has used the name "Los Caminantes" substantially and continuously throughout the United States and Latin America since 1975.

15. Navarro has used the "Los Caminantes" name in association with the musical group's sound recordings and compositions since 1975.

16. Navarro has exhibited the musical group named "Los Caminantes" at live music performances in venues throughout the United States and Mexico since 1975.

17. Navarro has used the "Los Caminantes" mark for live music performances as well as on promotional flyers, electronic and print media, and other forms of advertisement and marketing for "Los Caminantes" musical performances.

18. The "Los Caminantes" mark was initially registered in 1990 by Abel De Luna and thereafter in 1993 by Luna Music Company, the musical group's former manager and management group, respectively. That registration pertained to any sound recordings made by the group.

19. Following litigation between Navarro and Ramirez, on the one hand, and De Luna (and various entities controlled by him), on the other, the parties

entered into a settlement agreement whereby the De Luna parties agreed to assign to Navarro and Ramirez any and all interests they may have in the registered trademark, "Los Caminantes".

20.     On or about August 15, 2006, the Los Caminantes Partnership composed of Humberto Navarro and Agustin Ramirez registered the "Los Caminantes" trademark.

21.     On or about January 16, 2007, Agustin Ramirez assigned all his rights in the trademark and name "Los Caminantes" to Humberto Navarro by virtue of a written "Assignment of Rights". A true and accurate copy of a translation of that mark is attached by Exhibit A and incorporated herein by reference.

22.     At all times since the assignment and up until the time of his death, Navarro maintained the "Los Caminantes" federal trademark and enhanced the mark's value.

23.     Navarro has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection with the mark "Los Caminantes". Navarro has spent considerable sums of money promoting and enhancing the goodwill associated with the "Los Caminantes" performances, services, and products throughout the United States and Mexico.

24.     Since being assigned the trademark and up until the time of his death, Navarro has continually controlled the content and quality of the "Los Caminantes" musical performances and other services and goods.

25.     As a result of Navarro's aforementioned use, promotion and publicity, the "Los Caminantes" mark has continued to acquire enormous value and inestimable goodwill, and has become extremely well-known and famous to the consuming public and trade as identifying a source of high quality.

26.     Navarro's efforts have strengthened the public meaning of the inherently distinctive trademark and service mark "Los Caminantes". The mark is used to indicate the source of Navarro's "Los Caminantes" public performances and other goods and services, identifying and distinguishing them from those rendered or sold by others.

27.     Following the death of Navarro, Plaintiff's Estate holds exclusive rights in the "Los Caminantes" mark. Despite being placed on notice that Martin Navarro now holds all rights to the "Los Caminantes" mark, Defendant Ramirez still continues to use the mark in association with live musical performances, in violation of the assignment and applicable law. Plaintiff Estate now seeks to put a stop to Agustin Ramirez's unlawful and unauthorized usage of the mark in association with the musical group "Los Caminantes".

28.     Plaintiff alleges on information and belief that Defendant Agustin has knowingly misrepresented to the general public that his is the rightful owner of the trademark and service mark "Los Caminantes".

29.     Plaintiff alleges on information and belief that Defendant Ramirez has knowingly misrepresented in promotional materials, advertisements, and flyers that

7

1   they are the owners of the mark and trade name "Los Caminantes".

2       30.    Plaintiff alleges on information and belief that Defendant Ramirez has

3

4   knowingly and intentionally held his musical group out to concert promoters, venue

5   operators, and the general public as "Los Caminantes". Furthermore, Defendant

6   Ramirez has scheduled performances in the coming days and weeks in California

7

8   and elsewhere, wherein he has used or plans to use the "Los Caminantes" mark in

9   connection with these performances

10      31.    Meanwhile, Plaintiff is irreparably harmed each time Defendant

11

12  practice his deceptions upon an unsuspecting public.  Such customers are less likely

13  to be as trusting when a performance by Plaintiff's musical group is advertised.

14

15  The damage to Plaintiff's reputation, earning ability and bottom line is incalculable

16  and the harm is irreparable. Defendant can be expected to continue his conduct in

17  order to benefit from the confusion they are causing unless enjoined from such

18

19  unlawful and deceptive conduct.

20      32.    Respecting the Los Caminantes Partnership, Defendant Agustin

21  Ramirez has also wrested control of the finances of the musical group following the

22

23  death of Navarro. In essence, since Navarro's death, Ramirez has locked out

24  Plaintiff Estate and Navarro's son, Martin Navarro from ascertaining the proper

25  sums being generated by the group's performances.

26      33.    Specifically, since the time of Navarro's death, Ramirez has failed to

27

28  provide Navarro's representatives with an accounting of the group's performance

revenues or royalties from the sale and distribution of its musical compositions and sound recordings. Following each performance, Ramirez merely provides Navarro's son, Martin Navarro, with an unsubstantiated statement reflecting amounts that are paid to the band members, its new manager, as well as a listing of costs. Ramirez has failed together to provide Navarro with any documents reflecting ticket sales, receipts, or costs associated with a performance.

34.    Additionally, while Ramirez had previously paid Navarro fifty (50) percent of net profits from performances revenues, following Navarro's death, Ramirez has breached the Partnership Agreement by paying Navarro's representative (Martin Navarro) well below that fifty percent (50) fee. Indeed, Navarro makes less than the present manager.

35.    Since its commencement, Defendant Los Caminantes Partnership and Agustin Ramirez have failed to issue financial statements, accountings and to make any proper disbursements to Plaintiff, or Martin Navarro.

36.    Defendant Ramirez has failed to account for all amounts received for the appearances and performances of Plaintiff, along with the amounts deposited into Defendants' bank accounts for those appearances and performances.

37.    Defendants Los Caminantes Partnership and Ramirez have received considerable monies from live performances and royalties without accounting to the Plaintiff or providing the agreed-upon percentage of net profits.

38.    Defendant Ramirez has engaged in pervasive fraud, mismanagement,

abuse of authority, and persistent unfairness toward Plaintiff and Martin Navarro. Furthermore, the assets of Los Caminantes are being misapplied or wasted by Defendant Ramirez in that he has taken money, profits, and financial assets of the Caminantes Partnership and has used them for personal gain. Plaintiff is also informed and believes thereon that Defendant Ramirez has further commingled monies and profits of Defendant Caminantes Partnership with his personal bank accounts preventing a proper accounting of said monies and profits.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement in Violation of Section 32

### of the Lanham Act, 15 U.S.C. § 1114 against Defendant Agustin Ramirez

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. This claim for relief arises under Section 32 of the Lanham Act, 15 U.S.C. § 114 and is alleged against all Defendants. Plaintiff is the Estate of Humberto Navarro, which owns the exclusive rights in the mark "Los Caminantes". in commerce in connection with the services of the musical group as performing and recording artists. The mark "Los Caminantes" is inherently distinctive and has acquired a secondary meaning to referring to Plaintiff's group

41. Defendant Ramirez has no colorable right or claim to use the mark as Agustin Ramirez assigned all his rights to the mark pursuant to an Assignment of Rights dated January 16, 2007.

10

42. The foregoing acts of Defendant Ramirez constitute infringement of U.S. Trademark Registration No. 3,129,214 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Defendant's unauthorized use of "Los Caminantes" as a mark falsely indicates to consumers that Defendant's entertainment services originate from, are approved by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's entertainment services and live music performances.

44. Defendant's unauthorized use of "Los Caminantes" in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendant's goods and services originate from or are associated with Plaintiff or its licensee/assignee.

45. Defendant's unauthorized use of the "Los Caminantes" mark removes Plaintiff's ability to control the nature and quality of the goods and services provided under its "Los Caminantes" mark and places the Plaintiff's valuable reputation and goodwill in the hands of the Defendant.

46. Plaintiff's mark is entitled to strong protection under Section 32 of the Lanham Act because such mark, when used to identify entertainment services and live music performances is "arbitrary" as to such services.

47. Plaintiff believes that it has or is likely to be damaged by Defendant's use of the mark at issue and will suffer irreparable harm.

48. Defendant is therefore liable, without limitation, for the remedies

provided for in 15 U.S.C. § 1114(2), 1116, 1117 and 1118.

## SECOND CLAIM FOR RELIEF

**Federal Trademark Counterfeiting, 15 U.S.C. § 1114 against Defendant**

**Ramirez**

49.     Plaintiff realleges and incorporates by reference paragraphs 1 through 48 of this complaint as if fully set forth herein.

50.     This claim for relief arises under 15 U.S.C. § 114 and is alleged against Defendant Ramirez.

51.     Defendant's foregoing acts constitute federal trademark counterfeiting of Plaintiff's federally registered trademark "Los Caminantes" as defined by 15 U.S.C. §§ 1114, 1116.

52.     Federal registration of a trademark is prima facie evidence of a registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. § 1057(b).   Plaintiff Estate is the exclusive owner of the "Los Caminantes" trademark, possesses the right to initiate proceedings to enforce, protect, and defend the "Los Caminantes" brand.

53.     Plaintiff has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection with the mark "Los Caminantes".   Navarro spent considerable sums of money promoting and enhancing the goodwill associated with the "Los Caminantes" performances,

services, and products throughout the United States and in foreign countries.

54.     Defendant is presently advertising the performances of musical groups presenting themselves as "Los Caminantes" at public performances that have taken place over several years.

55.     Defendant's willful and intentional counterfeiting, imitating, and copying of Plaintiff's registered trademark has confused, and will likely continue to confuse or deceive the public into believing Defendants' goods and services originate from or are associated with the late Humberto Navarro and his estate.

56.     Defendant's activities are in violation of 15 U.S.C. § 1116(1)(a) and constitute counterfeiting of a registered trademark in connection with the sale or offering for sale of a service which is likely to cause confusion, mistake or deception with the services offered by Plaintiff.

## THIRD CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) against Defendant Ramirez

57.     Plaintiff realleges and incorporates by reference paragraphs 1 through 63 of this complaint as if fully set forth herein.

58.     This claim for relief arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and is alleged against Defendant Ramirez.

59.     Defendants' unauthorized use of the "Los Caminantes" mark, trade

name, and trade dress falsely indicates to consumers that Defendant's entertainment services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's entertainment services and live music performances.

60.    Defendant's unauthorized use of the "Los Caminantes" mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendant's goods and services originate from or are associated with Plaintiff.

61.    Defendant's infringement has been intentional and willful, constituting and exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117. Plaintiff is therefore entitled to recover three times the amount of: (1) Defendants' profits; and (2) Defendants' actual damages, including pre-judgment interest. Plaintiff is further entitled to recover their attorney fees and costs incurred in this action.

62.    Defendant's unauthorized use of the "Los Caminantes" Trademark, trade name and trade dress removes from Plaintiff the ability to control the nature and quality of the goods and services provided under its "Los Caminantes" mark and places the valuable reputation and goodwill of Plaintiff in the hands of the Defendant.

63.    Plaintiff's mark is entitled to strong protection under Section 43(a) of the Lanham Act because such mark, when used to identify entertainment services

and musical sound recordings, is "arbitrary" as to such services, and because Plaintiff has extensively promoted the mark to the relevant public.

64. Plaintiff has been or is likely to be irreparably damaged by Defendant's use of the mark, trade name, and trade dress at issue.

65. Defendant's actions, as set forth above, constitute trademark, trade name and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. Defendant is therefore liable, without limitation, for the remedies provided for in 15 U.S.C. § 1114(2), 1116, 1117, and 1118.

## FOURTH CLAIM FOR RELIEF

### Trademark Dilution Under The Lanham Act against Defendant Ramirez

67. Plaintiff realleges and incorporates by reference paragraphs 1 through 73 of this complaint as if fully set forth herein.

68. This claim for relief arises under Lanham Act and is alleged against the Defendant.

69. The trade name and mark of Plaintiff's, "Los Caminantes" has become famous throughout the United States, through use in advertising of the musical group's services, through radio airplay, record sales, the appearance of the musical group on television broadcast in Latin America and the United States, over the Internet and social media sites, newspaper and magazine articles concerning the group and public appearances at concerts, dances and events.

15

70.     Defendant's use of the "Los Caminantes" mark and distinctive designs tarnishes the image of and dilutes the distinctive character of the "Los Caminantes" mark and will diminish and destroy the public association of the trade name and mark of Plaintiff.

71.     In engaging in the actions complained of above, Defendant willfully intended and intend to trade on the reputation of the musical group.

72.     In engaging in the actions complained of above, defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to Plaintiff's Estate.

73.     For each act of unfair competition, Plaintiff is entitled to recover actual damages as well as Defendants' profits from such infringement.

74.     Defendants' continuous use of Plaintiff's trademark and distinctive designs diminishes and dilutes the distinctive value of the mark, to the great detriment of Plaintiff in contravention of 15 U.S.C. § 1125(c)(1).

75.     As a result of Defendants' activities, Plaintiff and the public have been and are likely to be further irreparably damaged.

## FIFTH CLAIM FOR RELIEF

### State Law and Statutory Trade Name Infringement and Dilution against Defendant Ramirez

76.     Plaintiff realleges and incorporates by reference paragraphs 1 through 75 of this complaint as if fully set froth herein.

16

77.     This claim for relief arises under the laws of the State of California and is alleged against Defendant Ramirez.

78.     By their acts alleged herein, Defendant has engaged in trade name infringement and dilution pursuant to California Business and Professional Code §§ 14330 et seq., and §§ 14402 et seq.

79.     Defendant has intentionally deceived the public by misrepresenting that they are connected with the musical group pertaining to Navarro's Estate.

80.     Plaintiff is informed and believes that the acts of Defendant described herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

81.     Monetary relief alone is not adequate to address fully the irreparable injury that Defendant's illegal actions have caused and will continue to cause Plaintiff if Defendant's conduct is not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop Defendant's ongoing acts of unfair competition.

## SIXTH CLAIM FOR RELIEF

**Inference With Prospective Business Advantage against Defendant Ramirez**

82.     Plaintiff realleges and incorporates by reference paragraphs 1 through 81 of this complaint  as if fully set forth herein.

83.     This claim for relief arises under the common law of the State of California and is alleged against Defendant Ramirez.

84.     Defendant, through his actions, has interfered with the prospective business advantage of Plaintiff by interfering with the right of Plaintiff to exploit and benefit commercially from the trade name and mark, "Los Caminates".

85.     Plaintiff and his licensee/assignee have been damaged by the tortious interference by defendant with Plaintiff's economic relations in an amount to be alleged by amendment by this complaint.

86.     The aforementioned acts of Defendant was willful, oppressive and malicious.  Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## SEVENTH CLAIM FOR RELIEF

### Accounting against Defendants

87.     Plaintiff realleges and incorporates by reference paragraphs 1 through 86 of this complaint  as if fully set forth herein.

88.     The claim for relief arises under the common law of the State of California and is alleged against all Defendants.

89.     Defendants are in possession of information relating to monies paid to Defendants from their misleading and deceptive practices described herein, which represents a misappropriation of monies from Plaintiff and Plaintiff's licensor.  The books, accounts, records, ledgers, etc. which provide this information are in the possession of Defendants and each of them.  The amount of damages,

profits and interest owing to Plaintiff from Defendants cannot be ascertained without an accounting by Defendants and each of them. Defendants and each of them have also benefitted economically from the usurpation of the trade name and service mark of Plaintiff without accounting to Plaintiff or its representatives for the income and profits realized by Defendants and each of them as a result of such activities.

90.   Plaintiff hereby demands, and is entitled to, an accounting of all monies received by Defendants from use of the mark and trade name of Plaintiff's licensor and any other confusingly similar terms.

## EIGHT CLAIM FOR RELIEF

**Temporary, Preliminary and Permanent Injunctive Relief against Defendants**

91.   Plaintiff realleges and incorporates by reference paragraphs 1 through 90 of this complaint as if fully set forth herein.

92.   The continuing wrongful acts of Defendants herein have harmed and continue to harm the interest of Plaintiff in the use of the name and mark "Los Caminantes" and any confusingly similar names. If this court does not issue a temporary, preliminary and permanent injunction against the Defendants and each of them prohibiting the use of the name "Los Caminantes" and other confusing similar terms, in connection with the goods and services of Defendants' musical group, Plaintiff and Plaintiff's licensee/assignee will suffer irreparable harm for which there is no adequate remedy at law.

## NINTH CLAIM FOR RELIEF

### (Involuntary Dissolution of Partnership and Appointment of Receiver Against

### Defendants Los Caminantes Partnership and Agustin Ramirez

93.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 92, inclusive, of this Complaint as though fully set forth herein.

94.   Since the partnership business began, Defendants willfully committed a breach of the partnership agreement by wrongfully misappropriating profits of the partnership and failing to account to Humberto Navarro.  As a result of Defendants' behavior, it is not reasonably practicable to carry on the business with them and plaintiff is entitled to a judicial decree of dissolution of the partnership.

95.   That at the commencement of the partnership business, Defendants took exclusive control and possession of the partnership books and accounts and since that time have taken, for their own use, large sums of money from the receipts and profits of the partnership business exceeding their rightful share.  Defendants have refused and continue to refuse to account to plaintiff concerning the allocation of partnership profits despite plaintiff's repeated demands that they account and distribute partnership profits to plaintiff in compliance with the terms of the partnership agreement.

96.   That since the inception of the partnership, Plaintiff and Defendants have been unable to agree upon the proper and reasonable management of the partnership business.  As a result of the continuing disagreement concerning

managerial control, it has become impossible to carry on the Partnership Business.

97.    That because of Defendants' behavior, it is not reasonably practicable to carry on the business in partnership and Plaintiff is entitled to a judicial decree of dissolution of the partnership.

98.    That unless a receiver is appointed, the property and accounts of the partnership are in danger of being lost, removed, or materially injured since Defendants are in control of all partnership assets and are applying those assets to their own use in violation of the partnership agreement.  It is necessary that a receiver be appointed to take possession of all property and accounts of the partnership, to receive accounts receivable, pay current debts, and wind up the business of the partnership.

99.    That unless Defendants are immediately enjoined from collecting or receiving, or in any matter interfering or meddling with, or disposing of , the assets, property or other effects of the partnership, pending the final determination in the action, plaintiff will suffer great and irreparable harm in that partnership assets under the control of the Defendants will be sold or hidden, making it impossible for plaintiff to determine and receive his share of the partnership assets.

100.    Plaintiff has performed all of his obligations under the terms and conditions of the Partnership Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

ON THE FIRST THOUGH EIGHTH CLAIM FOR RELIEF:

1.   For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2.   For a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining Defendants and each of them and their agents, servants, employees and co-ventures, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)   Using the name "Los Caminantes" or any confusing similar or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of Defendants or any of them.

(b)   Using the name "Los Caminantes"or any confusing similar colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods or services of Defendants;

(c)   Otherwise infringing or diluting the distinctive quality of Plaintiff's service mark and trade name "Los Caminantes";

(d)   Causing a likelihood of confusion, deception or mistake

as to the makeup, source, nature or quality of Plaintiff's or Defendants' services.

(e)     Contacting promoters, advertisers or other businesses for the purpose of offering the services of Defendants as "Los Caminantes" or any confusing similar or colorable imitation of the name.

3.     For an order requiring the Defendants to deliver up and destroy all promotional literature, advertising, goods and other materials bearing the infringing, diluting or injurious designations.

4.     For actual damages in amount not less than $         .

5.     For three times the amount of Plaintiff's actual damages suffered by reason of Defendants' infringement of Plaintiff's mark and trade name.

6.     For three times the amount of Defendants' profits derived from the infringement of Plaintiff's mark and trade name.

7.     For punitive damages in an amount to be proved at trial.

8.     For prejudgement interest.

9.     For an accounting of all monies received by Defendants form their activities in connection with the use of the name "Los Caminantes".

10.   For costs of suit.

11.   For reasonable attorney fees.

12.   For such relief as the court may deem appropriate

## ON THE NINTH CAUSE OF ACTION

13.   That the partnership be dissolved.

14.   For an order that an accounting be taken of all the dealings and transactions of the partnership business from its commencement, and that all the money received by and paid to defendants respectively, in relation to the partnership, and that Plaintiff have judgment against defendants for any and all sums that may be found owing Plaintiff.

15.   That the partnership property be sold and the partnership debts and liabilities be paid off, and the surplus if any, be divided and distributed to Plaintiff and defendants in accordance with the terms of the partnership;

16.   That a receiver be appointed, with usual powers and duties, to take possession of the property and the assets of the partnership, to wind up the affairs of the partnership, and to have custody of the accounts and property of the partnership pending their final distribution to the partnership.

17.   That pending a final settlement of all partnership affairs, defendants be immediately enjoined from collecting and receiving, or in any manner interfering or meddling with, or disposing of, the debts, money, property, and other effects of the partnership or from entering into any new transactions in the name or on behalf of

the partnership

## AS TO ALL CAUSES OF ACTION:

18.  For costs; and expenses of suit.

19.  For such other and further relief as the court deems just.

Dated: September 14, 2011                     THE MENCHACA LAW FIRM

_____
Alejandro Menchaca
Attorney for Plaintiff
Estate of Humberto Navarro

*Ramirez vs. Navarro*
Complaint

# Exhibit D



**United States Patent and Trademark Office**



Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Assignments on the Web** > <u>Trademark Query</u>

# No assignment has been recorded at the USPTO

## For Serial Number: 78657655

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.2
Web interface last modified: July 25, 2011 v.2.2

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

*Ramirez vs. Navarro*
Complaint

# Exhibit E



*Ramirez vs. Navarro*
Complaint

# Exhibit F

CAESARS.COM   RESERVATIONS   MY TR   CASINO LOCATOR   TRIP TOOLS   CONTACT US   DEALS   TOTAL REWARDS

LAS VEGAS   ATLANTIC CITY   LAKE TAHOE   NEW ORLEANS/BILOXI   TUNICA

TOTAL REWARDS #   [          ]   PIN #   [          ]   SIGN-IN                    JOIN NOW  |  FORGOT PIN?

Home > Harrah's Rincon (San Diego) > Events and Entertainment > Super Bailazo

SEARCH

# SUPER BAILAZO



## MAKE A RESERVATION

○ Exact Dates
○ Weekends Only
○ Harrah's Rate Calendar

Check In Date
[                ]  [📅]

Check Out Date
[                ]  [📅]

Adults     Children
[1 ▼]      [0 ▼]

### CHECK RATES

BestRate Guarantee    No Resort Fees

View/Cancel Reservation

### CASINO FEATURES

Stay Connected  [f] [t]
- Hotel Overview
– Virtual Tours
– Hotel Reviews
Gaming
Stay & Play Packages
Deals
Promotions/Events
Concerts/Shows
– Open Sky Theater
– Oasis Lounge
– Pavilion
Dining
Things To Do
– Spa at Harrah's
– Pool
– Sports Pit
Weddings
Groups & Meetings
Group Getaways
In the Community
Press Releases
Maps & Information
– Bus Routes
En Español

**FRIDAY, SEPTEMBER 23, 2011**

**SHOWTIME: 9:00PM**

**The Pavilion at Harrah's Rincon (San Diego)**

Kick off the fall season with Los Caminates, Los Caminantes, Rocio y Su Sonora and La Luz Roja de San Marcos in the Pavilion on Friday, September 23rd at 9pm. Dance the night away at this Super Bailazo that will be the talk of la ciudad!

SHARE THIS SHOW                                        SHOW MORE [+]

Like        Send

**SEPTEMBER 2011**

| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    | 1  | 2  | 3  |
| 4  | 5  | 6  | 7  | 8  | 9  | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | **23** | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 |    |

UPCOMING SHOWS

[PURCHASE TICKETS]

**FIND YOUR FAVORITES PERFORMING AT ANY OF OUR CASINOS**

| LOCATION | EVENT CATEGORY | EVENT SUBCATEGORY | |
|----------|----------------|-------------------|---|
| Harrah's Rincon (San ▼) | ALL ▼ | ALL ▼ | SUBMIT » |

| EVENT VENUE | FROM | | TO | |
|-------------|------|---|-----|---|
| ALL ▼ | 1 ▼ | Jan / 2011 ▼ | 1 ▼ | Jan / 2011 ▼ |

COMPANY INFO   MOBILE   CAREERS   INVESTOR RELATIONS   GROUPS & MEETINGS   E-MAIL SIGN UP   BECOME AN AFFILIATE   RESPONSIBLE GAMING

Select Language:  English  |  Español

Harrah's Rincon San Diego Site Map

Caesars welcomes those that are of legal casino gambling age to our website.

Know When to Stop Before You Start® Gambling Problem? Call 1-800-522-4700.
© 2011 Caesars License Company, LLC. All Rights Reserved.
The use of this website is governed by Nevada law.
Privacy | Security | Legal

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV11- 8012 R (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Steven J. Eyre, CB# 119714
3550 Wilshire Blvd., Ste 1440
Los Angeles, CA  90010
(213) 385-6926
Fax (213) 385-3313

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN RAMIREZ,<br><br>PLAINTIFF(S),<br><br>-v.-<br><br>MARTIN NAVARRO, ANGEL JUAREZ, ESTATE OF HUMBERTO NAVARRO, DOES 1-10,<br><br>DEFENDANT(S). | Case No.<br><br>**CV11-8012** R (DTBx)<br><br><br>**SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

A lawsuit has been filed against you.

Within _____21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _____Steven J. Eyre_____, whose address is ____3550 Wilshire Blvd, Ste 1440, Los Angeles, CA  90010____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:__**SEP 2 7 2011**____          By_____

Deputy Clerk

*(Seal of the Court)*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>AGUSTIN RAMIREZ | DEFENDANTS<br>MARTIN NAVARRO, ANGEL JUAREZ, ESTATE OF HUMBERTO NAVARRO, DOES 1-10<br><br>(CONTINUED ON ATTACHED SHEET) |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Steven J. Eyre, CB# 119714<br>3550 Wilshire Blvd, Ste 1440<br>Los Angeles, CA 90010    tel. 213.385.6926 | Attorneys (If Known)<br>Alejandro Menchaca<br>The Menchaca Law Firm<br>714 W Olympic Blvd Ste 450<br>Los Angeles, CA 90015 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1114(1)(a) TRADEMARK INFRINGEMENT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS - PERSONAL INJURY | TORTS - PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____   CV11-8012

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO, LOS ANGELES | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO, LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date SEPTEMBER 27, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |