1   Alejandro Menchaca (State Bar No. 220471)
     THE MENCHACA LAW FIRM
2   714 West Olympic Blvd., Suite 450
     Los Angeles, CA 90015
3   Telephone: (213) 792-0877
     Facsimile: (213) 745-6060
4   Email: amenchaca@ymail.com

5   Attorneys for Counterclaimant
     ESTATE OF HUMBERTO A. NAVARRO
6

FILED 2011 NOV 29 PM 2:38 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

7            **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA**

9

10

| | |
|---|---|
| 11  AGUSTIN RAMIREZ | **CASE NO. CV 11-8012 R (DTBx)** |
| 12        Plaintiff, | COUNTERCLAIM FOR: |
| 13     v. | 1) FEDERAL TRADEMARK INFRINGEMENT; |
| 14  MARTIN NAVARRO, ANGEL JUAREZ, ESTATE OF HUMBERTO | 2) FEDERAL TRADEMARK COUNTERFEITING; |
| 15  NAVARRO, DOES 1- 10 | 3) FALSE DESIGNATION OF ORIGIN; |
| 16       Defendant | 4) TRADEMARK DILUTION; 5) STATE LAW |
| 17  ESTATE OF HUMBERTO A. NAVARRO | INFRINGEMENT; 6) INTERFERENCE WITH |
| 18 | PROSPECTIVE BUSINESS ADVANTAGE; |
| 19       Counterclaimant, | 7) ACCOUNTING; 8) INJUNCTIVE RELIEF; |
| 20     v. | 9) DISSOLUTION OF PARTNERSHIP |
| 21  AGUSTIN RAMIREZ, an individual; LOS CAMINANTES PARTNERSHIP, | |
| 22  a partnership, and ROES 1 through 5 inclusive | DEMAND FOR JURY TRIAL |
| 23 | |
| 24      Counter-Defendants | |

25

26  Counterclaimant Estate of Humberto Ambriz Navarro alleges:

27

28

## JURISDICTION AND VENUE

1.     This Court has exclusive subject matter jurisdiction as to the violations of the Lanham Act pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)-(c) and § 1338(a). This Court also has pendant jurisdiction over the state causes of action relating to unfair competition and to trademark, service mark, trade name and trade dress infringement, pursuant to 28 U.S.C. § 1338(b).

2.     The Court has specific personal jurisdiction over all the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortuous  acts outside California, knowing and intending that such acts would case injury within the state.

3.     Venue in this action is proper in the United States District Court for the Central District of California by virtue of 28 U.S.C. §§ 1391(b) and 1391(c) in that some defendants reside in this District, transact affairs in this District and that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.     Counterclaimant is the Estate of Humberto Ambriz Navarro ("Navarro"), the co-founder of the popular Spanish musical group, "Los Caminantes". Navarro died on June 5, 2011 in San Bernardino County, California.

5.     Counterclaimant is informed and believes, and based thereon alleges that Los Caminantes is, and at all times relevant hereto was a partnership,

conducting business within the Central District of California with its principal place of business within the County of San Bernardino, State of California. The partnership is comprised of the late Humberto Navarro and Defendant Agustin Ramirez.

6.      Counterclaimant is informed and believes, and based thereon alleges, that Cross-Defendant Agustin Ramirez resides within the Central District of California. Specifically, Cross-Defendant resides in the County of San Bernardino, State of California. Navarro is the sole person in complete control of the partnership.

7.      The true names and capacities, whether individual, corporate, associates, employee, or otherwise, of the defendants sued herein as Roes 1 through 5, inclusive, currently are unknown to Counterclaimant and Counterclaimant therefore sues said defendants by such fictitious names.  Counterclaimant is informed and believes and based upon such information and belief alleges that each of the Counter-Defendants designated herein as a Doe is responsible legally in some manner for the acts, conduct, omissions and events referred to herein, causing injury and damages proximately thereby to Plaintiff, as alleged hereinafter. Plaintiff will seek leave to amend this Complaint to allege the true names, capacities and circumstances establishing the liability of the Counter-Defendants designated herein as Does 1 through 25, inclusive, at such time as Plaintiff ascertains the same.

8.      Plaintiff is informed and believes and based upon such information and belief alleges that, at all times herein relevant, each of the Counter-Defendants was the agent, servant, employee, supervisor, co-venturer, subsidiary and/or corporate-parent of each of the remaining Counter-Defendants and, at all times herein relevant, each Counter-Defendant was acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, subsidiary and/or corporate-parent relationship.

9.      Whenever, in this Counterclaim reference is made to "Counter-Counter-Defendants," such allegations shall refer to all Counter-Counter-Defendants named herein, including all Counter-Defendants designated herein as Roes, and shall be deemed to mean the conduct of any and all such Counter-Defendants acting individually, jointly and/or severally.

## GENERAL ALLEGATIONS

10.      Los Caminantes is a popular, Spanish-language musical group that was formed in 1975 by Humberto Navarro, Agustin Ramirez, and three former band mates, two of which are now deceased.

11.      Since its inception, Navarro, at great expense and effort, developed the musical group known as "Los Caminantes" which began recording sound master recordings, along with promoting and marketing musical performances for the musical group. The musical group came to be one of the most successful Spanish-language acts of its time, and continues to be so.

12.     After three of original band members were no longer part of the group, the two remaining founders, Humberto Navarro and Agustin Ramirez, formed the Los Caminantes Partnership on or about 1998 to operate the musical group, account for the group's revenues, and distribute all profits and losses to the partners. By virtue of such partnership agreement, all partners agreed to share equally in the profits and losses of the Los Caminantes Partnership.

13.     Counterclaimant also alleges claims for federal trademark infringement and unfair competition in connection with Counter-Counter-Defendant Ramirez's unauthorized and unlawful use and misappropriation of a duly registered federal trademark and service mark "Los Caminantes" in association with the musical group.

14.     Navarro has used the name "Los Caminantes" substantially and continuously throughout the United States and Latin America since 1975.

15.     Navarro has used the "Los Caminantes" name in association with the musical group's sound recordings and compositions since 1975.

16.     Navarro has exhibited the musical group named "Los Caminantes" at live music performances in venues throughout the United States and Mexico since 1975.

17.     Navarro has used the "Los Caminantes" mark for live music performances as well as on promotional flyers, electronic and print media, and other forms of advertisement and marketing for "Los Caminantes" musical

performances.

18.     The "Los Caminantes" mark was initially registered in 1990 by Abel De Luna and thereafter in 1993 by Luna Music Company, the musical group's former manager and management group, respectively. That registration pertained to any sound recordings made by the group.

19.     Following litigation between Navarro and Ramirez, on the one hand, and De Luna (and various entities controlled by him), on the other, the parties entered into a settlement agreement whereby the De Luna parties agreed to assign to Navarro and Ramirez any and all interests they may have in the registered trademark, "Los Caminantes".

20.     On or about August 15, 2006, the Los Caminantes Partnership composed of Humberto Navarro and Agustin Ramirez registered the "Los Caminantes" trademark.

21.     On or about January 16, 2007, Agustin Ramirez assigned all his rights in the trademark and name "Los Caminantes" to Humberto Navarro by virtue of a written "Assignment of Rights".

22.     At all times since the assignment and up until the time of his death, Navarro maintained the "Los Caminantes" federal trademark and enhanced the mark's value.

23.     Navarro has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection with

the mark "Los Caminantes". Navarro has spent considerable sums of money promoting and enhancing the goodwill associated with the "Los Caminantes" performances, services, and products throughout the United States and Mexico.

24.    Since being assigned the trademark and up until the time of his death, Navarro has continually controlled the content and quality of the "Los Caminantes" musical performances and other services and goods.

25.    As a result of Navarro's aforementioned use, promotion and publicity, the "Los Caminantes" mark has continued to acquire enormous value and inestimable goodwill, and has become extremely well-known and famous to the consuming public and trade as identifying a source of high quality.

26.    Navarro's efforts have strengthened the public meaning of the inherently distinctive trademark and service mark "Los Caminantes". The mark is used to indicate the source of Navarro's "Los Caminantes" public performances and other goods and services, identifying and distinguishing them from those rendered or sold by others.

27.    Following the death of Navarro, the Estate of Navarro holds exclusive rights in the "Los Caminantes" mark. Despite being placed on notice that Counter-Counter-Defendant Ramirez's group holds no rights to the mark, Counter-Counter-Defendant Ramirez still continues to use the mark in association with live musical performances, in violation of the assignment and applicable law. Counterclaimant Estate now seeks to put a stop to Agustin Ramirez's unlawful and unauthorized

usage of the mark in association with the musical group "Los Caminantes".

28.   Counterclaimant alleges on information and belief that Counter-Defendant Agustin has knowingly misrepresented to the general public that his is the rightful owner of the trademark and service mark "Los Caminantes".

29.   Counterclaimant alleges on information and belief that Counter-Defendant Ramirez has knowingly misrepresented in promotional materials, advertisements, and flyers that they are the owners of the mark and trade name "Los Caminantes".

30.   Counterclaimant alleges on information and belief that Counter-Counter-Defendant Ramirez has knowingly and intentionally held his musical group out to concert promoters, venue operators, and the general public as "Los Caminantes". Furthermore, Counter-Counter-Defendant Ramirez has scheduled performances in the coming days and weeks in California and elsewhere, wherein he has used or plans to use the "Los Caminantes" mark in connection with these performances

31.   Meanwhile, Counterclaimant is irreparably harmed each time Counter-Counter-Defendant practices his deceptions upon an unsuspecting public.  Such customers are less likely to be as trusting when a performance by Counterclaimants musical group is advertised.  The damage to Counterclaimant's reputation, earning ability and bottom line is incalculable and the harm is irreparable. Counter-Defendant can be expected to continue his conduct in order to benefit from the

confusion they are causing unless enjoined from such unlawful and deceptive conduct.

32.    Respecting the Los Caminantes Partnership, Counter-Counter-Defendant Agustin Ramirez has also wrested control of the finances of the musical group following the death of Navarro. In essence, since Navarro's death, Ramirez has locked out Counterclaimant Estate and Navarro's son, Martin Navarro from ascertaining the proper sums being generated by the group's performances.

33.    Specifically, since the time of Navarro's death, Ramirez has failed to provide Navarro's representatives with an accounting of the group's performance revenues or royalties from the sale and distribution of its musical compositions and sound recordings. Following each performance, Ramirez merely provides Navarro's son, Martin Navarro, with an unsubstantiated statement reflecting amounts that are paid to the band members, its new manager, as well as a listing of costs. Ramirez has failed together to provide Navarro with any documents reflecting ticket sales, receipts, or costs associated with a performance.

34.    Additionally, while Ramirez had previously paid Navarro fifty (50) percent of net profits from performances revenues, following Navarro's death, Ramirez has breached the Partnership Agreement by paying Navarro's representative (Martin Navarro) well below that fifty percent fee. Indeed, Navarro makes less than the present manager.

35.    Since its commencement, Counter-Defendant Los Caminantes

9

Partnership and Agustin Ramirez have failed to issue financial statements, accountings and to make any proper disbursements to Counterclaimant, or Martin Navarro.

36.   Counter-Defendant Ramirez has failed to account for all amounts received for the appearances and performances of Plaintiff, along with the amounts deposited into Counter-Defendants' bank accounts for those appearances and performances.

37.   Counter-Defendants' Los Caminantes Partnership and Ramirez have received considerable monies from live performances and royalties without accounting to the Plaintiff or providing the agreed-upon percentage of net profits.

38.   Counter-Defendant Ramirez has engaged in pervasive fraud, mismanagement, abuse of authority, and persistent unfairness toward Plaintiff and Martin Navarro.    Furthermore, the assets of Los Caminantes are being misapplied or wasted by Counter-Defendant Ramirez in that he has taken money, profits, and financial assets of the Caminantes Partnership and has used them for personal gain. Counterclaimant is also informed and believes thereon that Counter-Defendant Ramirez has further commingled monies and profits of Counter-Defendant Caminantes Partnership with his personal bank accounts preventing a proper accounting of said monies and profits.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement in Violation of Section 32

of the Lanham Act, 15 U.S.C. § 1114 against Counter- Counter-Defendant

Agustin Ramirez

39.  Counterclaimant realleges and incorporates by reference paragraphs 1-through 38 of this complaint as though fully set forth herein.

40.  This claim for relief arises under Section 32 of the Lanham Act, 15 U.S.C. § 114 and is alleged against all Counter-Counter-Defendants. Counterclaimant is the Estate of Humberto Navarro, which owns the exclusive rights in the mark "Los Caminantes". in commerce in connection with the services of the musical group as performing and recording artists.  The mark "Los Caminantes" is inherently distinctive and has acquired a secondary meaning to referring to Counterclaimant's group.

41.  Counter-Defendant Ramirez has no colorable right or claim to use the mark as Agustin Ramirez assigned all his rights to the mark pursuant to an Assignment of Rights dated January 16, 2007.

42.  The foregoing acts of Counter-Defendant Ramirez constitute infringement of U.S.Trademark Registration No. 3,129,214 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.  Counter-Counter-Defendant's unauthorized use of "Los Caminantes" as a mark falsely indicates to consumers that Counter-Defendant's entertainment services originate from, are approved by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Counterclaimant's entertainment services

and live music performances.

44.     Counter-Defendant's unauthorized use of "Los Caminantes" in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Counter-Defendant's goods and services originate from or are associated with Plaintiff or its licensee/assignee.

45.     Counter-Defendant's unauthorized use of the "Los Caminantes" mark removes Counterclaimant's ability to control the nature and quality of the goods and services provided under its "Los Caminantes" mark and places the Counter-claimant's valuable reputation and goodwill in the hands of the Counter-Defendant.

46.     Counterclaimant's mark is entitled to strong protection under Section 32 of the Lanham Act because such mark, when used to identify entertainment services and live music performances is "arbitrary" as to such services.

47.     Counterclaimant believes that it has or is likely to be damaged by Counter-Defendant's use of the mark at issue and will suffer irreparable harm.

48.     Counter-Defendant is therefore liable, without limitation, for the remedies provided for in 15 U.S.C. § 1114(2), 1116, 1117 and 1118.

## SECOND CLAIM FOR RELIEF

**Federal Trademark Counterfeiting, 15 U.S.C. § 1114 against Counter-Defendant Ramirez**

49.     Counterclaimant realleges and incorporates by reference paragraphs 1 through 48 of this complaint as if fully set forth herein.

50.    This claim for relief arises under 15 U.S.C. § 114 and is alleged against Counter-Defendant Ramirez.

51.    Counter-Defendant's foregoing acts constitute federal trademark counterfeiting of Plaintiff's federally registered trademark "Los Caminantes" as defined by 15 U.S.C. §§ 1114, 1116.

52.    Federal registration of a trademark is prima facie evidence of a registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. § 1057(b).   Counterclaimant Estate is the exclusive owner of the "Los Caminantes" trademark, possesses the right to initiate proceedings to enforce, protect, and defend the "Los Caminantes" brand.

53.    Counterclaimant has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection with the mark "Los Caminantes".  Navarro spent considerable sums of money promoting and enhancing the goodwill associated with the "Los Caminantes" performances, services, and products throughout the United States and in foreign countries.

54.    Counter-Defendant is presently advertising the performances of musical groups presenting themselves as "Los Caminantes" at public performances that have taken place over several years.

55.    Counter-Defendant's willful and intentional counterfeiting, imitating,

13

and copying of Counterclaimant's registered trademark has confused, and will likely continue to confuse or deceive the public into believing Counter-Counter-Defendants' goods and services originate from or are associated with the late Humberto Navarro and his estate.

56.   Counter-Defendant's activities are in violation of 15 U.S.C. § 1116(1)(a) and constitute counterfeiting of a registered trademark in connection with the sale or offering for sale of a service which is likely to cause confusion, mistake or deception with the services offered by Counterclaimant.

## THIRD CLAIM FOR RELIEF

**False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) against Counter-Defendant Ramirez**

57.   Counterclaimant realleges and incorporates by reference paragraphs 1 through 63 of this complaint as if fully set forth herein.

58.   This claim for relief arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and is alleged against Counter-Defendant Ramirez.

59.   Counter-Defendants' unauthorized use of the "Los Caminantes" mark, trade name, and trade dress falsely indicates to consumers that Counter-Defendant's entertainment services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Counterclaimant or are otherwise associated with Counterclaimant's entertainment services and live music performances.

60.     Counter-Defendant's unauthorized use of the "Los Caminantes" mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive, the public into believing Counter-Defendant's goods and services originate from or are associated with Plaintiff.

61.     Counter-Defendant's infringement has been intentional and willful, constituting and exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.   Counterclaimant is therefore entitled to recover three times the amount of: (1) Counter-Defendants' profits; and (2) Counter-Defendants' actual damages, including pre-judgment interest.   Counterclaimant is further entitled to recover their attorney fees and costs incurred in this action.

62.     Counter-Defendant's unauthorized use of the "Los Caminantes" Trademark, trade name and trade dress removes from Counterclaimant the ability to control the nature and quality of the goods and services provided under its "Los Caminantes" mark and places the valuable reputation and goodwill of Counterclaimant in the hands of the Counter-Defendant.

63.     Counterclaimant's mark is entitled to strong protection under Section 43(a) of the Lanham Act because such mark, when used to identify entertainment services and musical sound recordings, is "arbitrary" as to such services, and because Counterclaimant has extensively promoted the mark to the relevant public.

64.     Counterclaimant has been or is likely to be irreparably damaged by Counter-Defendant's use of the mark, trade name, and trade dress at issue.

65.     Counter-Defendant's actions, as set forth above, constitute trademark, trade name and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     Counter-Defendant is therefore liable, without limitation, for the remedies provided for in 15 U.S.C. § 1114(2), 1116, 1117, and 1118.

## FOURTH CLAIM FOR RELIEF

### Trademark Dilution Under The Lanham Act against Counter-Defendant Ramirez

67.     Counterclaimant realleges and incorporates by reference paragraphs 1 through 73 of this complaint as if fully set forth herein.

68.     This claim for relief arises under Lanham Act and is alleged against the Counter-Defendant.

69.     The trade name and mark of Counterclaimant's, "Los Caminantes" has become famous throughout the United States, through use in advertising of the musical group's services, through radio airplay, record sales, the appearance of the musical group on television broadcast in Latin America and the United States, over the Internet and social media sites, newspaper and magazine articles concerning the group and public appearances at concerts, dances and events.

70. Counter-Defendant's use of the "Los Caminantes" mark and distinctive design tarnishes the image of and dilutes the distinctive character of the "Los Caminantes" mark and will diminish and destroy the public association of the trade

name and mark of Counterclaimant.

71.    In engaging in the actions complained of above, Counter-Defendant willfully intended and intend to trade on the reputation of the musical group.

72. In engaging in the actions complained of above, Counter-Defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to Counterclaimant Estate.

73. For each act of unfair competition, Counterclaimant is entitled to recover actual damages as well as Counter-Defendants' profits from such infringement.

74. Counter-Defendants' continuous use of Counterclaimant's trademark and distinctive designs diminishes and dilutes the distinctive value of the mark, to the great detriment of Counterclaimant in contravention of 15 U.S.C. § 1125(c)(1).

75.    As a result of Counter-Defendants' activities, Counterclaimant and the public have been and are likely to be further irreparably damaged.

### FIFTH CLAIM FOR RELIEF

**State Law and Statutory Trade Name Infringement and Dilution against**

**Counter-Defendant Ramirez**

76.    Counterclaimant realleges and incorporates by reference paragraphs 1 through 75 of this Counterclaim as if fully set froth herein.

77.    This claim for relief arises under the laws of the State of California and is alleged against Counter-Defendant Ramirez.

78.    By their acts alleged herein, Counter-Defendant has engaged in trade

name infringement and dilution pursuant to California Business and Professional Code §§ 14330 et seq., and §§ 14402 et seq.

79. Counter-Defendant has intentionally deceived the public by misrepresenting that they are connected with the musical group pertaining to Navarro's Estate.

80. Counterclaimant is informed and believes that the acts of Counter-Defendant described herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

81.     Monetary relief alone is not adequate to address fully the irreparable injury that Counter-Defendant's illegal actions have caused and will continue to cause Counterclaimant if Counter-Defendant's conduct is not enjoined. Counterclaimant therefore is also entitled to preliminary and permanent injunctive relief to stop Counter-Defendant's ongoing acts of unfair competition.

## SIXTH CLAIM FOR RELIEF

### Inference With Prospective Business Advantage against Counter-Defendant Ramirez

82.     Counterclaimant realleges and incorporates by reference paragraphs 1 through 81 of this complaint  as if fully set forth herein.

83.     This claim for relief arises under the common law of the State of California and is alleged against Counter-Defendant Ramirez.

84.     Counter-Defendant, through his actions, has interfered

18

with the prospective business advantage of Counterclaimant by interfering with the right of Counterclaimant to exploit and benefit commercially from the trade name and mark, "Los Caminates".

85. Counterclaimant and his licensee/assignee have been damaged by the tortious interference by Counter-Defendant with Counterclaimant's economic relations in an amount to be alleged by amendment by this complaint.

86.     The aforementioned acts of Counter-Defendant was willful, oppressive and malicious.  Counterclaimant therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## SEVENTH CLAIM FOR RELIEF

### Accounting against Counter-Defendants

87. Counterclaimant realleges and incorporates by reference paragraphs 1 through 86 of this complaint  as if fully set forth herein.

88.     The claim for relief arises under the common law of the State of California and is alleged against all Counter-Defendants.

89.  Counter-Defendants are in possession of information relating to monies paid to Counter-Defendants from their misleading and deceptive practices described herein, which represents a misappropriation of monies from Counterclaimant and Counterclaimant's licensor.  The books, accounts, records, ledgers, etc. which provide this information are in the possession of Counter-Defendants and each of them.  The amount of damages, profits and interest owing to Counterclaimant from

Counter-Defendants cannot be ascertained without an accounting by Counter-Defendants and each of them. Counter-Defendants and each of them have also benefitted economically from the usurpation of the trade name and service mark of Counterclaimant without accounting to Counterclaimant or its representatives for the income and profits realized by Counter-Defendants and each of them as a result of such activities.

90.    Counterclaimant hereby demands, and is entitled to, an accounting of all monies received by Counter-Defendants from use of the mark and trade name of Counterclaimant's licensor and any other confusingly similar terms.

## EIGHT CLAIM FOR RELIEF

### Temporary, Preliminary and Permanent Injunctive Relief against Counter-Defendant

91. Counterclaimant realleges and incorporates the prior paragraphs.

92. The continuing wrongful acts of Counter-Defendants herein have harmed and continue to harm the interest of Counterclaimant in the use of the name and mark "Los Caminantes" and any confusingly similar names.  If this court does not issue a temporary, preliminary and permanent injunction against the Counter Defendants and each of them prohibiting the use of the name "Los Caminantes" and other confusing similar terms, in connection with the goods and services of Counter-Defendants' musical group, Counterclaimant and Counterclaimant's licensee/assignee will suffer irreparable harm for which there is no adequate

remedy at law.

## NINTH CLAIM FOR RELIEF

**(Involuntary Dissolution of Partnership and Appointment of Receiver Against**

**Counter-Defendants Los Caminantes Partnership and Agustin Ramirez**

93.   Counterclaimant incorporates by reference the allegations contained in paragraphs 1 through 92, inclusive, of this Complaint as though fully set forth herein.

94.   Since the partnership business began, Counter-Defendants willfully committed a breach of the partnership agreement by wrongfully misappropriating profits of the partnership and failing to account to Humberto Navarro.  As a result of Counter-Defendants' behavior, it is not reasonably practicable to carry on the business with them and Counterclaimant is entitled to a judicial decree of dissolution of the partnership.

95.   That at the commencement of the partnership business, Counter-Defendants took exclusive control and possession of the partnership books and accounts and since that time have taken, for their own use, large sums of money from the receipts and profits of the partnership business exceeding their rightful share.  Counter-Defendants have refused and continue to refuse to account to Counterclaimant concerning the allocation of partnership profits despite Counterclaimant's repeated demands that they account and distribute partnership profits to Counterclaimant in compliance with the terms of the partnership

agreement.

96.     That since the inception of the partnership, Counterclaimant and Counter-Defendants have been unable to agree upon the proper and reasonable management of the partnership business.  As a result of the continuing disagreement concerning managerial control, it has become impossible to carry on the Partnership Business.

97.     That because of Counter-Defendants' behavior, it is not reasonably practicable to carry on the business in partnership and Counterclaimant is entitled to a judicial decree of dissolution of the partnership.

98.     That unless a receiver is appointed, the property and accounts of the partnership are in danger of being lost, removed, or materially injured since Counter-Defendants are in control of all partnership assets and are applying those assets to their own use in violation of the partnership agreement.  It is necessary that a receiver be appointed to take possession of all property and accounts of the partnership, to receive accounts receivable, pay current debts, and wind up the business of the partnership.

99.     That unless Counter-Defendants are immediately enjoined from collecting or receiving, or in any matter interfering or meddling with, or disposing of , the assets, property or other effects of the partnership, pending the final determination in the action, Counterclaimant will suffer great and irreparable harm in that partnership assets under the control of the Counter-Defendants will be sold

or hidden, making it impossible for Counterclaimant to determine and receive his share of the partnership assets.

100.    Counterclaimant has performed all of his obligations under the terms and conditions of the Partnership Agreement.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaimant demands judgment as follows:

<u>ON THE FIRST THOUGH EIGHTH CLAIM FOR RELIEF:</u>

1.   For an order requiring Counter-Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2.    For a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining Counter-Defendants and each of them and their agents, servants, employees and co-ventures, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)    Using the name "Los Caminantes" or any confusing similar or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of Counter-Defendants or any of them.

(b)    Using the name "Los Caminantes"or any confusing similar colorable imitation of the name, in any manner for the

23

purpose of enhancing the commercial value of the goods or
services of Counter-Defendants;

(c)     Otherwise infringing or diluting the distinctive quality of
Counterclaimant's service mark and trade name "Los
Caminantes";

(d)     Causing a likelihood of confusion, deception or mistake
as to the makeup, source, nature or quality of Counterclaimant's
or Counter-Defendants' services.

(e)     Contacting promoters, advertisers or other businesses for
the purpose of offering the services of Counter-Defendants as
"Los Caminantes" or any confusing similar or colorable
imitation of the name.

3.     For an order requiring the Counter-Defendants to deliver
up and destroy all promotional literature, advertising, goods and
other materials bearing the infringing, diluting or injurious
designations.

4.     For actual damages in an amount to be proven at trial.

5.     For three times the amount of Counterclaimant's actual damages
suffered by reason of Counter-Defendants' infringement of
Counterclaimant's mark and trade name.

6.     For three times the amount of Counter-Defendants' profits

derived from the infringement of Counterclaimant's mark and trade name.

7.     For punitive damages in an amount to be proved at trial.

8.     For prejudgement interest.

9.     For an accounting of all monies received by Counter-Defendants form their activities in connection with the use of the name "Los Caminantes".

10.     For costs of suit.

11.     For reasonable attorney fees.

12.     For such relief as the court may deem appropriate

## ON THE NINTH CAUSE OF ACTION

13.     That the partnership be dissolved.

14.     For an order that an accounting be taken of all the dealings and transactions of the partnership business from its commencement, and that all the money received by and paid to Counter-Defendants respectively, in relation to the partnership, and that Counterclaimant have judgment against Counter-Defendants for any and all sums that may be found owing Counterclaimant.

15.     That the partnership property be sold and the partnership debts and liabilities be paid off, and the surplus if any, be divided and distributed to Counterclaimant and Counter-Defendants in accordance with the terms of the partnership;

16.   That a receiver be appointed, with usual powers and duties, to take possession of the property and the assets of the partnership, to wind up the affairs of the partnership, and to have custody of the accounts and property of the partnership pending their final distribution to the partnership.

17.   That pending a final settlement of all partnership affairs, Counter-Defendants be immediately enjoined from collecting and receiving, or in any manner interfering or meddling with, or disposing of, the debts, money, property, and other effects of the partnership or from entering into any new transactions in the name or on behalf of the partnership.

## AS TO ALL CAUSES OF ACTION:

18.        For costs; and expenses of suit.

19.        For such other and further relief as the court deems just.

Dated: November 29, 2011                    THE MENCHACA LAW FIRM

Alejandro Menchaca
Attorney for Counterclaimant
Estate of Humberto Navarro

1
2
3
### CERTIFICATE OF SERVICE

4
5
     I HEREBY CERTIFY that on November 29, 2011, I hand-filed filed the
6
foregoing with the document with the Clerk of the Court and mailed the Answer and
Counterclaim VIA MAIL TO

7
     STEVE J. EYRE
8
     ATTORNEY AT LAW
9
     3550 Wilshire Boulevard, Suite 1440
10
     Los Angeles, CA 90010
11
12
13
14
     Alejandro Menchaca
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MARTIN NAVARRO'S ANSWER TO PLAINTIFF'S COMPLAINT